UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23316-CIV-MORENO

APL MICRSCOPIC, LLC,

    Plaintiff,

vs.

CORPORATE AMERICAN SOLUTIONS, LLC, and CARIOLA GROUP, LLC,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motions to Dismiss the Complaint for Insufficient Service of Process **(D.E. 6–7)**, filed on **October 9, 2017**.

THE COURT has considered the motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are DENIED.

## BACKGROUND

### A. Procedural Background

On September 1, 2017, Plaintiff APL Microscopic, LLC filed a copyright infringement suit against Defendants Corporate American Solutions, LLC and Cariola Group, LLC. Defendants subsequently moved to dismiss the Complaint based on insufficient service of process. After challenging Plaintiff's service—and, in turn, the Court's personal jurisdiction over Defendants—Defendants immediately filed an Answer admitting that (i) "Defendants are subject to personal jurisdiction in Florida," and (ii) "[v]enue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendants reside in this district, and Defendants are

1

subject to personal jurisdiction in this district." (Ans. ¶¶ 13–14 (admitting allegations in Compl. ¶¶ 13–14).)

## B. **Factual Background**

Corporate American Solutions and Cariola Group operate as limited liability companies under the laws of Florida. Mariano J. Cariola is the registered agent for both Defendants. Notably, Corporate American Solutions, Cariola Group, and Mr. Cariola share the same address: 7255 NW. Corporate Drive, Suite E, Miami FL, 33126.

Plaintiff hired Majestic Process to serve Defendants. On Monday, September 18, 2017, Majestic delivered a copy of the summons and complaint to Mercedes Perez—Mr. Cariola's administrative assistant—at the Corporate Drive address listed above.

## C. **Arguments**

Defendant argues that Majestic did not effectuate service of process because (i) Mr. Cariola was away from the office when Majestic delivered the summons and complaint, and (ii) Mercedes Perez was not authorized to receive any documents on behalf of Mr. Cariola.[1]

## **DISCUSSION**

Where service of process is insufficient, a district court lacks personal jurisdiction over the defendant. *Kelly v. State of Florida*, 233 Fed. Appx. 883, 884 (11th Cir. 2007). Courts require "strict compliance with service of process procedures." *Baraban v. Sussman*, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983) (citing *Electra Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862 (Fla. 1977)).

"When the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process." *Cornwall v. Miami—Dude Cty. Corr. & Rehab. Dep't*, No. 10-23561-CIV, 2011 WL 3878352 (S.D. Fla. Aug. 31, 2011) (citations omitted). "If a plaintiff makes a prima facie showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Hollander v. Wolf*, No. 09-80587-CIV,

---

[1] Defendants refer to Mercedes Perez as "*Defendants'* receptionist and employee." (Def.'s Reply at 1 (emphasis added).)

2

2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)).

D. **Legal Analysis**

"A plaintiff may serve process on a limited liability company by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process, or by following state law for service of process." *Fitzpatrick v. Bank of New York Mellon*, 580 Fed. App'x. 690, 693 (11th Cir. 2014) (emphasis added) (citing Fed. R. Civ. P. 4(h)(1)). "Florida Statutes provide that process against a limited liability company may be served upon . . . the company's registered agent or an employee of the registered agent." *Winland*, 2017 WL 1318544, at *2 (citing Fla. Stat. § 48.062(1)). Specifically, § 48.062(1) of the Florida Statutes states:

> Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. *A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent* during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

Fla. Stat. § 48.062(1) (emphasis added).

Here, Majestic completed—and Plaintiff filed—a verified return of service affidavit for each Defendant. The affidavits state that Majestic perfected service by delivering a copy of the summons and complaint "at the address of 7255 NW. Corporate Center Drive, Suite E, Miami, FL 33126 . . . to Mercedes Perez as Administrative Asst./Employee of the Registered Agent . . . ." (D.E. 10–11.)

Under Florida law, "when a return of service document is regular on its face, the burden shifts to the defendant to supply clear and convincing evidence of invalid service." *Porter v. Mainlands Sections 1 & 2 Civic Assoc. Inc.*, No. 14-62817-CIV, 2015 WL 11198232, at *4 (SD. Fla. Aug. 7, 2015) (citing *Robles–Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 180–81

(Fla. Dist. Ct. App. 2011)). In other words, "[a]ffidavits by process servers constitute a prima facie showing that defendants have been served." *Solomon v. Westlake Servs., LLC*, No. 2:16-CV-243-FTM-99CM, 2016 WL 6083781, at *1 (MD. Fla. Oct. 18, 2016); *see also Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("[A]ny conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff."). Thus, Plaintiff has made a prima facie showing of adequate service of process.

Defendant makes only two attempts to rebut this prima facie showing of sufficient service:

(1) "Plaintiffs' delivery of the summons and complaint to a receptionist with no real or apparent authority to receive any court documents constitutes ineffective service of process pursuant to Federal Rules of Civil Procedure 12 b 5 Rules (sic)." (Def.'s Mot. 4.)

(2) "Service on a company defendant's employee . . . is not a recognized method of service under Florida law, unless said employee has been designated by the company to accept such service. § 48.062(2)(c), Fla. Stat." (Def.'s Reply 1.)

These statements misrepresent the applicable law by relying on § 48.062(2)(c) rather than § 48.062(1). They also fail to provide "strong and convincing evidence of insufficient process." *Hollander*, 2009 WL 3336012 at *8.

Plaintiff showed that it complied with the requirements of § 48.062(1) by serving the summons and complaint on an employee of Defendants' registered agent, and providing return of service affidavits to that effect. Because Defendants failed to rebut Plaintiff's prima facie showing of sufficient service of process, Defendants' motions to dismiss are DENIED.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss the Complaint for Insufficient Service of Process (D.E. 6–7) are **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of November 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record